[No. 13680.   Department Two.   January 4, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE E.
BANKS, *Appellant*.[1]

CRIMINAL LAW—ABATEMENT OF ACTION—DEATH.   A criminal action abates on the death of the accused pending appeal, in the absence of any statute on the subject.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 8, 1916, upon a trial and conviction of unlawfully selling intoxicating liquors. Appeal dismissed.

*Fred C. Brown*, for appellant.

*Alfred H. Lundin, John D. Carmody*, and *Joseph A. Barto*, for respondent.

MOUNT, J.—The appellant was convicted in the lower court of the crime of unlawfully selling intoxicating liquors. Upon this conviction, the trial court imposed, as punishment, a fine of fifty dollars and costs.   Pending the appeal, the appellant died.   His death was suggested at the oral argument, but we were invited to pass upon the questions presented upon the briefs.

In the case of *State v. Furth*, 82 Wash. 665, 144 Pac. 907, we said, at page 667:

"The courts of the country, both state and Federal, have, with marked unanimity, held that the death of the defendant in a criminal case pending appeal, in the absence of a statute expressing the contrary, permanently abates the action and all proceedings under the judgment.   They make no distinction between a sentence of imprisonment and the imposition of a fine.   The underlying principle is that the object of all criminal punishment is to punish the one who committed the crime or offense, and not to punish those upon whom his estate is cast, by operation of law or otherwise."

[1]Reported in 161 Pac. 1189.

A number of cases were cited to support that rule. We decided that case on the merits, because we were invited by counsel to do so, "and because the case is pending in the trial court against other defendants." The last named reason was the only justification for passing upon the merits. There is no such condition here. The action has abated by the death of appellant, and must, for that reason, be dismissed.

MORRIS, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.